**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DONALD J. TRUMP FOR PRESIDENT, INC.,

      Plaintiff,

      vs.                                    Case No. 20-cv-1289 MV

MAGGIE TOULOUSE OLIVER, in her official
capacity as Secretary of State of New Mexico,
the ELECTORS of NEW MEXICO and the STATE
CANVASSING BOARD OF NEW MEXICO,

      Defendants.

## ORDER

**THIS MATTER** comes before the Court on Plaintiff Donald J. Trump for President, Inc.'s Motion for Preliminary Injunction and Temporary Restraining Order or, Alternatively, for Stay and Administrative Stay (the "Motion"). Doc. 1. The Court finds it appropriate to set an expedited briefing schedule on the Motion, rather than issue an emergency order on an *ex parte* basis.

On November 3, 2020, the United States held its general election. On December 14, 2020, Plaintiff commenced the instant action by filing what it calls a "Complaint," naming as Defendants Secretary of State Maggie Toulouse Oliver, the Electors of New Mexico, and the State Canvassing Board of New Mexico. Doc. 1. The "Complaint" includes the instant Motion, in which Plaintiff asks the Court

> to enter an administrative stay and temporary restraining order ("TRO") to enjoin [Defendants] and all of their agents, officers, presidential electors, and others acting in concert from taking action to have such electors take any official action – including without limitation participating in the disposition of certificates of votes for President and Vice President that would ordinarily be performed in accordance with 3 U.S.C. 11, that are made and signed, or will be made and signed, in accordance with 3 U.S.C. 9. until further order of this Court and then issue a preliminary injunction or stay against their doing so until the conclusion of this case

on the merits —until further order of this Court, and to preliminarily enjoin and to stay such actions pending the final resolution of this action on the merit.

Doc. 1 ¶ 4.

This Court is authorized to issue a temporary restraining order "without written or oral notice to the adverse party or its attorney" only if two conditions are met: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Here, Plaintiff's attorney did not certify in writing any efforts to give notice or the reasons why notice should not be required. Indeed, the only reference to this requirement is in the Cover Sheet, in which Plaintiff notes only that "Notice will be served upon filing to the Attorney General and Secretary of State." Doc. 1 Ex. 2. There is no record on the docket that Defendants have so far been served. Nor would Plaintiff's service alone satisfy the requirements of Rule 65(b)(1). Further, as the election occurred more than one month before Plaintiff filed the instant Motion, the Court finds that the facts alleged by Plaintiff do not clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendants can be heard in opposition. The Court thus finds no grounds to issue an order without providing Defendants with an opportunity to respond. It will, however, order an expedited briefing schedule on Plaintiff's Motion.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff must effect service of a copy of this Order, together with Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order or, Alternatively, for Stay and Administrative Stay [Doc. 1], and any attachments thereto, to be received by Defendants **no later than 5:00 p.m. Mountain Standard Time (MST) on Tuesday, December 15, 2020**, notwithstanding any previous attempts made by Plaintiff to serve Defendants. Proof of any service done pursuant to this Order shall be filed with the Clerk of Court as soon as practicable.

2. If Defendants oppose Plaintiff's Motion, a written response shall be filed with the Court and served on Plaintiff no later than **Thursday, December 24, 2020**.

3. Plaintiff's reply, if any, shall be filed with the Court and served on Defendants no later than three days after Defendants' response is filed.

4. The Court will set a hearing on this matter if it finds that such a hearing is necessary.

DATED this 15th day of December 2020.

_____
MARTHA VAZQUEZ
United States District Judge