# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DONALD J. TRUMP FOR PRESIDENT, INC.,

       Plaintiff,

vs.

MAGGIE TOULOUSE OLIVER, in her official capacity as Secretary of State of New Mexico, the ELECTORS of NEW MEXICO and the STATE CANVASSING BOARD OF NEW MEXICO,

       Defendants.

Case No. 1:20-cv-01289-MV

## OPPOSITION TO NON-PARTIES' MOTION TO INTERVENE (ECF #12)

The Proposed Intervenors[1] request to intervene as defendants in this action, but they fail to identify a "claim or defense" to which they are a proper party. Indeed, although they provide detailed affidavits of their activities in conducting voter registration, voter education, and voter turnout, the Proposed Intervenors fail to identify any interest in the actual conduct of elections or any authority under the New Mexico Election Code giving them the right to handle third-party ballots or otherwise play any role in the administration and monitoring of elections. The reason for such failure is because no such right or authority exists, and thus the Proposed Intervenors lack a substantial interest to be a party

---

[1] DNC Services Corporation/Democratic National Committee.  See Motion to Intervene (ECF #12), p. 1.

in this litigation.

The Proposed Intervenors' Motion falls shy of what Rule 24 requires for intervention as a matter of right or by permission. The Proposed Intervenors lack a discrete, substantial, legally protectable interest in the outcome of this suit and they cannot overcome the presumption that Defendants and/or other intervened parties are adequately representing their interests. Moreover, their involvement will bog down an otherwise straightforward challenge by political parties, candidates and voters who have been and will be injured by Defendants' misadministration of the New Mexico Election Code. Accordingly, Plaintiffs request this Court to deny the Proposed Intervenors' Motion (ECF #12).

## ARGUMENT

The Motion to Intervene by the Proposed Interveners[2] is replete with misstatements of facts, the Proposed Intervenors lack Article III standing to intervene and the Proposed Intervenors have failed to prove they are entitled to intervention as a matter of right.

**I.     THE MOTION TO INTERVENE IS REPLETE WITH FACTUAL MISSTATEMENTS OF FACT.**

The Motion to Intervene by the Proposed Interveners includes many misstatements of fact, such as "The Campaign waited to file this lawsuit until December 14, the day the Electoral College met", "Donald Trump lost the 2020 election", "the Campaign and its allies have filed dozens of lawsuits around the country collectively seeking to

---

[2] DNC Services Corporation/Democratic National Committee (the "DNC")

disenfranchise many millions of voters and overturn the results", "the President's resounding defeat at the ballot box" which are not only incorrect, but are not even legal arguments; but in fact are mere political opinions.

## II. To the Extent They Seek Any Affirmative Relief, The Proposed Intervenors Lack Article III Standing to Intervene.

To the extent they intend to seek any affirmative relief, Proposed Intervenors must prove they have standing to be a party in this litigation. One essential aspect of an Article III court's jurisdiction is that "any person invoking the power of a federal court must demonstrate standing to do so." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013). In 2017, the United States Supreme Court resolved a split of authority between the circuits "by adopting the minority view and requiring a litigant to possess Article III standing in order to intervene as of right," if they seek to introduce any new claims or seek affirmative or different relief.[3] Seneca Res. Corp. v. Highland Twp., No. 17-4540, 2017 WL 4168472, 2017 U.S. Dist. LEXIS 152737, at *7 (W.D. Pa., Sept. 20, 2017) (citing Town of Chester, N.Y. v. Laroe Estates, Inc., U.S., 137 S. Ct. 1645, 1651(2017)). Accordingly, "[b]ecause standing is a question of subject matter jurisdiction, if the proposed intervenors do not have standing, the Court does not have jurisdiction and accordingly a motion to intervene fails." Seneca Res. Corp., 2017 U.S. Dist. LEXIS 152737, at *7 (citing Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007)

---

[3] As the Third Circuit recently explained, proof of Article III standing is only necessary when a proposed defendant intervenor is seeking relief beyond that requested by the originally named defendants. Commonwealth v. Trump, 888 F.3d 52, 57 n. 2 (3d Cir. 2018) ("Because the Little Sisters moved to intervene as defendants and seek the same relief as the federal government, they need not demonstrate Article III standing.") (citations omitted).

("standing is a jurisdictional matter."); *Public Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir.1997) (Article III standing is a "threshold jurisdictional requirement" for any case in federal court)). See also *Alexander v. Rendell*, 246 F.R.D. 220, 225 (W.D. Pa. 2007) ("until a precedential appellate decision of this question is issued, the Court will assume that the existence of standing, whether constitutional or prudential in its basis, is a requirement for either intervention as of right or permissive intervention."); *Flying J, Inc. v. Van Hollen,* 578 F.3d 569, 571, 573 (7th Cir. 2011) (discussing, specifically, that standing is required for both mandatory and permissive intervention).

If they intend to pursue new claims or seek affirmative or different relief, Proposed Intervenors bear the burden of establishing the elements of standing. *Spokeo, Inc. v. Robins,* U.S. , 136 S.Ct. 1540, 1547 (2016). To demonstrate Article III standing, a prospective intervenor must show that it has:

1) suffered an "injury in fact;"
2) that is fairly traceable to the challenged action of the [opposing party] ...; and
3) that is likely to be redressed by a favorable judicial decision."

*Spokeo,* 136 S.Ct. at 1547. *See also Pennsylvania Psych. Soc. v. Green Spring Health Services, Inc.*, 280 F.3d 278, 283, 287-289 (3d Cir. 2002) (Associational or third-party standing "requires the satisfaction of three preconditions: 1) the plaintiff must suffer injury; 2) the plaintiff and the third party must have a 'close relationship'; and 3) the third party must face some obstacles that prevent it from pursuing its own claims.") (citations omitted).

The injury requirement of standing is not met just because the Proposed Intervenors have an interest in the subject matter of the litigation. A party's "mere 'interest in a problem,' no matter how longstanding the interest and no matter how qualified the organization is in evaluating the problem, is not sufficient by itself" to establish standing. 405 U.S. 727, 739 (1972). *See also Hollingsworth*, 133 S.Ct. at 2662 (a "generalized grievance, no matter how sincere, is insufficient to confer standing."); *Diamond v. Charles,* 476 U.S. 54, 66 (1986) ("Article III requires more than a desire to vindicate value interests."); *Dillard v. Chilton Cty. Comm'n,* 495 F.3d 1324, 1333 (11th Cir. 2007) ("[G]eneralized grievances asserted by [individual] Intervenors ... do not assert a concrete and personalized injury"). Instead, to support standing, a proposed intervenor must "claim 'the invasion of a concrete and particularized legally protected interest' resulting in harm 'that is actual or imminent, not conjectural or hypothetical.'" *Seneca Res. Corp.,* 2017 U.S. Dist. LEXIS 152737, at *10 (citing *Prince v. United States Gov't*, 697 F.App'x 134 (3d Cir. 2017) (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014)).

For an "injury" to be sufficient to establish standing, Proposed Intervenors must show both a specific *and* actual injury. "Concreteness and particularity are separate requirements" in that "[f]or an injury to be particular, 'it must affect the [litigant] in a personal and individual way[;]'… [m]eanwhile, a concrete injury 'must be "de facto"; that is it must actually exist.'" *Seneca Res. Corp.,* 2017 U.S. Dist. LEXIS 152737, at *10 (citations and quotations omitted). Moreover, "[w]here, as here, the alleged injury is heightened risk of future harm, the allegations must 'entail a degree of risk sufficient to

meet the concreteness requirement.'" *Id.* at *11 (quoting *Kamal v. J. Crew Grp., Inc.*, 2016 U.S. Dist. LEXIS 145392, 2016 WL 6133827, at *2 (D.N.J. Oct. 20, 2016)) (quotations and citations omitted). *See also Alfa Int'l Seafood v. Ross*, 321 F.R.D. 5, 8 (D.C. D.C. 2017) ("[W]here standing is premised on future injury, the party must demonstrate a realistic danger of sustaining a direct injury."). Finally, "[n]ot every diversion of resources to counteract the defendant's conduct, however, establishes an injury in fact." *N.A.A.C.P. v. City of Kyle, Texas*, 626 F.3d 233, 238 (5th Cir. 2010).

The Proposed Intervenors claim "Because the DNC does not seek relief different from the defendants, it need not establish Article III standing to intervene as of right." Yet, the Defendants. *See* Motion to Intervene (ECF #12). Yet, the Defendants have not yet sought relief.

Moreover, although they all claim an interest in "ensuring that eligible voters have access to the ballot box," none of the Proposed Intervenors have any responsibilities under the New Mexico Election Code in the conduct or administration of elections, which is the focus of Plaintiffs' complaint.

At best, the Proposed Intervenors have alleged nothing more than a generalized interest in New Mexico's election laws which does not suffice to create Article III standing. *See, e.g., Ind. Democratic Party v. Rokita,* 458 F. Supp. 2d 775, 810 (S.D. Ind. 2006) (general interest in one state's election laws does not create standing; "[o]therwise there would be universal standing: anyone could contest any public policy or action he disliked. There must be a concrete injury.") (citations and quotations omitted). Instead, this is precisely the type of abstract, generalized interest that the United States Supreme

Court has repeatedly held does not confer standing. *See, e.g., Hollingsworth*, 133 S. Ct. at 2662 (intervenor's interest in "vindicat[ing] the validity of a generally applicable California law … insufficient to confer Article III standing"); *Diamond*, 476 U.S. at 66 (although individual physician's standing allegation "may be cloaked in the nomenclature of a special professional interest, it is simply the expression of a desire that the Illinois Abortion Law as written be obeyed. Article III requires more than a desire to vindicate value interests."); *Common Cause Ind. v. Lawson*, No. 1:17-cv-03936-TWP-MPB, 2018 WL 1070472, 2018 U.S. Dist. LEXIS 30917, at *9-*10 (S.D. Ind., Feb. 27, 2018) (public interest foundation's "mission to ensure that states and counties properly maintain voter-registration lists as required under federal law and its actions, including list-maintenance activities of states and counties" and its purpose of "protect[ing] the integrity of each citizen's right to vote from impingement by inadequate election administration" are too generalized to support Article III standing). Accordingly, this Court should deny the Proposed Intervenors' Motion for lack of standing.

### III. The Proposed Intervenors Have Failed to Prove They Are Entitled to Intervention as a Matter of Right.

The Proposed Intervenors have failed to meet either of Rule 24's requirements for intervention as a matter of right. Under the first subsection of that Rule, a party may move to intervene in ongoing litigation as a matter of right if it possesses "an unconditional right to intervene by a federal statute," or the prospective intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair

or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(1) & (2). Nowhere in their Motion do the Proposed Intervenors rely on any unconditional, federal statutory right to intervene. Thus, the Proposed Intervenors have no right to intervene under Rule 24(a)(1).

Proposed Intervenors also fail to establish intervention as of right under Rule 24(c)(2). To intervene by right under Rule 24(a)(2), an applicant must satisfy the following four requirements: timely application, (2) the applicant has a significantly protectable interest in the pending lawsuit, (3) disposition of the lawsuit may impair or impede his ability to protect applicant's interest absent intervention, and (4) the existing parties do not adequately represent applicant's interest. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005). Each of these requirements must be met for a non-party to intervene as of right. *Liberty Mut. Ins.*, 419 F.2d at 220; *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc*., 72 F.3d 361, 366 (3d Cir. 1995). If an applicant cannot meet one of the four criteria, then intervention as of right must be denied. *Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002).

For the second through fourth requirements, the "interest" must be a direct interest.

Regarding Rule 24 intervention motions, the Third Circuit has stated:

> [T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote. Due regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the

> relief sought. The interest may not be remote or attenuated. The facts assume overwhelming importance in each decision.

*Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998). The Third Circuit has also stated:

"In general, a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene." *Mountain Top Condo.*, 72 F.3d at 366.

Here, the Proposed Intervenors fail to satisfy the second through fourth requirements of Rule 24(a)(2). More specifically, the Proposed Intervenors lack a direct and substantial interest relating to the subject matter of this litigation; their purported interest will not be impaired without their involvement; and their interests are adequately represented by the named Defendants. Therefore, their request for intervention as matter of right should be denied.

### A. The Proposed Intervenors Lack a Direct and Substantial Interest in the Subject Matter of the Litigation to Justify Intervention under Rule 24(a)(2).

Without a direct interest in the competitive structure of New Mexico's elections or a role, the Proposed Intervenors cannot meet the second requirement for intervention as of right. Our United States Supreme Court has ruled that under Rule 24(a)(2), a prospective intervenor's interest must be one that is "significantly protectable" in the pending litigation. *Donaldson v. United States*, 400 U.S. 517, 531 (1970). Under this requirement, an intervenor must have more than a general interest in the issues raised in the litigation. *See Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987) ("… to have an

interest sufficient to intervene as of right, the interest must be a legal interest as distinguished from interests of a general and indefinite character."), *cert. denied sub nom.*, *Castille v. Harris*, 484 U.S. 947 (1987) (quotations and citations omitted). Rather, the intervenor's interest must be of such a sufficient nature that "the action will have a *stare decisis* effect on the intervenor's rights." *Harris,* 820 F.2d at 601. Consequently, where a prospective intervenor (like Proposed Intervenors here) has no authority or involvement in the administrative function which is the subject of the action, intervention as of right must be denied. *Id.* at 601-02.

The decision in *Harris* is illustrative of this point. In that case, the then Philadelphia district attorney argued he had an absolute right to intervene as a defendant to litigate the constitutionality of the conditions of the Philadelphia prison system and the relief, if any, to which the plaintiffs may be entitled. *Id.* at 596. As for his particularized interest to justify intervention, the district attorney asserted that the suit's attempt to impose a ceiling on the prison population would limit his ability to carry out his duties as a law enforcement officer. *Id.* at 601. In affirming the district court's denial of his intervention petition, the Third Circuit held that because the district attorney did not administer the prison, and the consent decree placing a ceiling on the prison population would only tangentially affect his ability to prosecute, he "[did] not have a sufficient interest to intervene of right as a party in [the] action[.]" *Id.* at 602-603.

Here, none of the Proposed Intervenors' claimed interests constitute a "direct, significant legally protectable interest" in this lawsuit sufficient to justify intervention as of right under Rule 24(a)(2). The interest claimed is "to ensure that the ballots submitted

by the voters of New Mexico, including by the DNC's members, constituents, and those who support its candidates, are not disregarded". The DNC has no direct interest in the voters of New Mexico or in the votes of "DNC's members, constituents, and those who support its candidates". The DNC may have a generalized interest but this not a direct and significant legally protectable interest.

Moreover, none of the Proposed Intervenors have any involvement in the administration or monitoring of elections because they are not the county boards of elections, political parties, or candidates. *See, e.g., Tiryak v. Jordan*, 472 F. Supp. 822, 823-24 (E.D. Pa. 1979) ("Although the [Commonwealth] is ultimately responsible for the conduct and organization of elections, the statutory scheme [promulgated by the Election Code] delegates aspects of that responsibility to the political parties. This delegation is a legislative recognition of the 'critical role played by political parties in the process of selecting and electing candidates for state and national office.'") (quoting *Marchioro v. Chancy*, 442 U.S. 191, 195 (1979)). Nor do any of the Proposed Intervenors have any authority under the New Mexico Election Code to appoint poll watchers or otherwise monitor elections. Instead, the New Mexico Election Code limits the appointment of poll watchers and the monitoring of the Defendants' administration of elections, including the casting and counting of ballots, to political parties and their candidates.

Much like the district attorney in *Harris*, the Proposed Intervenors have only a generalized interest in having the New Mexico Election Code interpreted, contrary to its terms, to permit ballot harvesting and/or to allow for the use drop-boxes, mobile collection

sites, and other unmonitored means to return absentee and mail-in ballots outside the presence of poll watchers. The Proposed Intervenors lack a direct, substantial interest in this lawsuit. Therefore, intervention as of right should be denied.

### B. The Proposed Intervenors Have Not Shown Any Impairment of Their "Interests" By Disposition of this Action Without Their Involvement.

Even if an applicant proves that he or she possesses a sufficient legal interest in the underlying dispute, intervention as of right remains improper if the applicant fails to demonstrate that its interest is in jeopardy in the lawsuit in its absence. *Mountain Top Condo.*, 72 F.3d at 368; *Brody v. Spang*, 957 F.2d 1108, 1122 (3d Cir. 1992). To meet this element, a party seeking to intervene must demonstrate that its legal interests "may be affected or impaired, as a practical matter by the disposition of the action." *Brody*, 957 F.2d at 1122 (quoting *Harris*, 820 F.2d at 596). In making this determination, a court must assess "the practical consequences of the litigation," and "'may consider any significant legal effect on the applicant's interest.'" *Harris*, 820 F.2d at 601 (quoting *National Resources Defense Council, Inc. v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)). But, "[i]t is not sufficient that the claim be incidentally affected; rather, there must be 'a tangible threat' to the applicant's legal interest." *Brody*, 957 F.2d at 1123 (quoting *Harris*, 820 F.2d at 601).

Here, the Proposed Intervenors have not proven any impairment of their particular legal interests. Where a party seeking to intervene as a defendant lacks a sufficient interest in the subject matter of the litigation, it necessarily fails to prove the requisite impairment for mandatory intervention. *Alexander*, 246 F.R.D. at 236. Moreover, the

Proposed Intervenors have asserted only an alleged impairment of what they believe the General Assembly should have permitted in terms of mail-in voting, which Plaintiffs contend the General Assembly has not enacted. But impairment does not exist when the relief sought is merely the enforcement of the laws as written. Consequently, the Proposed Intervenors have failed to prove the third element of intervention as of right.

> **C.     The Proposed Intervenors' Interests Are Adequately Represented by Others.** The final requirement under Rule 24(c)(2) is whether the interests of the Proposed Intervenors are inadequately represented by the existing parties. *United States v. Territory of Virgin Islands,* 748 F.3d 514, 519-20 (3d Cir. 2014). Like the other elements, proving inadequate representation rests on the party seeking intervention as a matter of right. *Delaware Valley Citizens' Council for Clean Air v. Commonwealth of New Mexico,* 674 F.2d 970, 974 (3d Cir. 1982) ("The burden is on the proposed intervenor to show that his interests are not adequately represented.").

The Third Circuit has set out a three-part test for determining if representation is inadequate to support mandatory intervention.

> Representation will be considered inadequate on any of the following three grounds: (1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit.

*Brody*, 957 F.2d at 1123 (citing *Hoots v. New Mexico*, 672 F.2d 1133, 1135 (3d Cir.1982)). "Representation is generally considered adequate if no collusion is shown between the representative and an opposing party, if the representative does not represent an

interest adverse to the proposed intervenor and if the representative has been diligent in prosecuting the litigation." *Delaware Valley,* 674 F.2d at 973. *See also Martin v. Kalvar Corp.,* 411 F.2d 552, 553 (5th Cir. 1969) ("The rule is that representation is adequate if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor and if the representative does not fail in the fulfillment of his duty."); *Solid Waste Agency v. U.S. Army Corps of Eng'rs,* 101 F.3d 503, 508 (7th Cir. 1996) ("Where the interests of the original party and of the intervenor are identical where in other words there is no conflict of interest—adequacy of representation is presumed.").

Also, a presumption of adequate representation exists when the representative is a governmental body or officer charged by law with representing the interests of the absentee. *Commonwealth of New Mexico v. Rizzo*, 530 F.2d 501, 505 (3d Cir. 1976) *(citations omitted). See also Benjamin ex rel. Yock v. Dep't of Public Welfare of New Mexico,* 701 F.3d 938, 958 (3d Cir. 2012) ("There is a general presumption that a government entity is an adequate representative."). As the Third Circuit noted years ago: "Where official policies and practices are challenged, it seems unlikely that anyone could be better situated to defend than the governmental department involved and its officers." *Rizzo,* 530 F.2d at 505. Accordingly, a proposed intervenor can only overcome the presumption against inadequacy by "mak[ing] a 'compelling showing' as to why [its] interests are not so represented." *Territory of Virgin Islands,* 748 F.3d at 520 (citing *Mountain Top Condo.*, 72 F.3d at 369).

Here, the Proposed Intervenors make no argument of any collusion, lack of

diligence, or that the named Defendants represent an interest adverse to the Proposed Intervenors. The Proposed Intervenors offer no evidence of such differences. Moreover, both Defendant Secretary advocated for the use of drop-boxes and other collection sites and the other casting and counting procedures sought by the Proposed Intervenors. The Proposed Intervenors have offered no evidence that these Defendants intend to change their position on these procedures and practices for the upcoming General Election. Thus, without such evidence, the Proposed Intervenors have failed to prove that the interests of the Proposed Intervenors are inadequately represented by the other parties. *See, e.g., Common Cause Ind.*, 2018 U.S. Dist. LEXIS 30917, at *15-*17 (absent evidence that the State will not zealously defend the lawsuit, any "differences" between the State's interest and those of a public interest foundation are "so small that the Foundation's interests do not require separate representation[,]" especially where "the central objective of the lawsuit is to determine whether Senate Enrolled Act 442 complies with the requirements of the NVRA and, in that respect, the litigation does not call into question the Foundation's entire mission.").

The Proposed Intervenors have failed to satisfy the second through fourth requirements of Rule 24(a)(2). Therefore, their request for intervention as a matter of right should be denied.

**Conclusion.**

The Proposed Intervenors' Motion fails to establish that mandatory or permissive intervention is appropriate. The Proposed Intervenors lack Article III standing to join this suit. Also, the Proposed Intervenors lack a direct, substantial interest in this lawsuit, and

they cannot overcome the presumption that Defendants and/or other intervened parties are adequately representing their interests. Moreover, their involvement will bog down an otherwise straightforward challenge by political parties, candidates and voters who have been injured by Defendants' misadministration of the New Mexico Election Code. Accordingly, Plaintiffs request that this Court deny the Proposed Intervenors' Motion.

Date:  05 January 2021                                        Respectfully submitted,

*/s/ Michael Smith*
Michael Smith (DC # 478674)
433 Belle Grove Dr.
PO box 833022, Richardson TX 75080
(641) 715-3900, extension 216162#
michael@taalaw.com

Mark J. Caruso (NM #4459)
Caruso Law Offices, PC
4302 Carlisle Blvd NE
Albuquerque, NM 87107-4811
505-883-5000
mark@carusolaw.com

*Attorneys for the Plaintiff*