IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD J. TRUMP FOR PRESIDENT, INC.,

    Plaintiff,

    vs.

Case No. 20-cv-1289 MV

MAGGIE TOULOUSE OLIVER, in her official
capacity as Secretary of State of New Mexico,
the ELECTORS of NEW MEXICO and the STATE
CANVASSING BOARD OF NEW MEXICO,

    Defendants.

## ORDER

**THIS MATTER** comes before the Court on Plaintiff's Notice of Voluntary Dismissal ("Notice") [Doc. 36] and Plaintiff's Motion to Voluntarily Dismiss ("Motion") [Doc. 37].

On January 11, Plaintiff filed the Notice, voluntarily dismissing this action without prejudice. Doc. 36. Later that same day, Plaintiff filed the Motion, requesting that the Court dismiss this action without prejudice, but noting that Defendant and Intervenor-Defendant would agree only to a dismissal with prejudice. Doc. 37. Neither Defendant nor Intervenor-Defendant filed a response in opposition to the Motion within the time prescribed for filing such response. Their failure to "file and serve a response in opposition to [Plaintiff's Motion] within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, a plaintiff "may dismiss an action without a court order by filing . . . "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). "Unless the notice [] states otherwise, the dismissal is without prejudice." *Id.*

Here, neither Defendant nor Intervenor-Defendant has filed an answer or a motion for summary judgment. Rather, Defendant filed a Combined Motion to Dismiss and Response to Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order or, Alternatively, for Stay, Doc. 31, and Intervenor-Defendant filed a Motion to Dismiss, Doc. 35. It is well-settled that "'a motion to dismiss under Rule 12 does not terminate the right of dismissal by notice.'" *Davidson v. Thompson*, No. 18-cv-3084, 2019 WL 1317465, at *1 (D. Kan. Mar. 22, 2019) (quoting § 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ. § 2363 (3d ed.)). Nor can an answer to a complaint be combined with a motion to dismiss. *Quill Ink Books Ltd. v. ABCD Graphics & Design Inc.*, No. 18-cv-920, 2019 WL 510461, at *1 (W.D. Okla. Feb. 8, 2019) ("The Court agrees that the Federal Rules of Civil Procedure do not contemplate a combined answer and motion to dismiss."). Thus, despite being filed as an "answer," Defendant's combined motion to dismiss and response to Plaintiff's motion for emergency relief does not constitute an answer for purposes of Rule 41. Accordingly, Plaintiff was entitled to voluntarily dismiss this action without prejudice and by notice.

Plaintiff's Notice was "self-executing," and thus "strips the district court of jurisdiction over the merits." *Peterson v. Kunkel*, No. 20-cv-00898, 2020 WL 6196169, at *1 (D.N.M. Oct. 22, 2020) (citing *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1235 (10th Cir. 2018)). Therefore, the Court need not rule on Plaintiffs' Motion, as it is moot. *See id.*

IT IS THEREFORE ORDERED that, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure and Plaintiff's Notice [Doc. 36], this case is dismissed without prejudice and shall be closed; Plaintiff's Motion [Doc. 37] accordingly is found as moot.

MARTHA VÁZQUEZ
United States District Judge